## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

HOPE LUTHERAN CHURCH, a Michigan
not for profit ecclesiastical corporation,

     Plaintiff,

v.                                                Hon.
                                                    Case No.

CITY OF ST. IGNACE, MICHIGAN, a
municipal corporation,

     Defendant.

---

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, HOPE LUTHERAN CHURCH, and for its Complaint against Defendant, CITY OF ST. IGNACE, MICHIGAN, ("City"), states as follows:

### Nature of the Case

1.  This case is about how the City of St. Ignace, Michigan is unlawfully prohibiting Hope Lutheran Church (the "Church") from assembling for religious purposes, including bible study and worship, at its property located at 132 S. State St., St. Ignace, MI, (the "Property"). The Property lies in a General Business District (GBD) wherein St. Ignace freely permits non-religious assemblies, such as assembly halls, theaters, and municipal buildings.

2.  This is an action for declaratory judgment, preliminary and permanent injunction, damages and attorney's fees arising from the City's unequal treatment of religious assemblies in the City of St. Ignace.

3.  The Church alleges that the City's zoning ordinance, both on its face and as applied, violates its First Amendment rights to the free exercise of religion and freedom of speech and assembly; its Fourteenth Amendment rights to equal protection under the law; its parallel rights

under the Michigan Constitution; and its rights under the Religious Land Use and the Institutionalized Persons Act of 2000, 42 USC § 2000cc, *et seq.* ( "RLUIPA").

**Parties**

4.   The Church is a congregation of about 20-25 Christians that assemble to worship God and engage in other worship supporting activities customarily associated with churches.

5.   Reverend Arthur Bode pastors the Church and has the authority to speak on behalf of the Church.

6.   The Church is registered as a not-for-profit ecclesiastical corporation under Michigan law.

7.   Defendant, City of St. Ignace, is a municipal corporation organized under the Constitution and Laws of the State of Michigan, and is a political sub-division thereof.

8.   The City is empowered by the State of Michigan to regulate and restrict the use of land and structures within the City's geographical jurisdiction, and effectuates this authority by means of enforcement of the City's zoning ordinances.

**Jurisdiction and Venue**

9.   This Court has subject matter jurisdiction over this case pursuant to 28 USC § 1331, as this action arises under the First and Fourteenth Amendments to the Untied States Constitution; under 28 USC § 1343(a)3, in that it is brought to redress deprivations under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 USC § 1343(a)4, in that it seeks to recover equitable relief under acts of Congress, specifically 42 USC § 1983 and 42 USC § 2000cc, which provides causes of actions for the protection of civil and constitutional rights, injunctive remedies and damages, and under 28 § 2201(a), to secure

declaratory injunctive relief under 28 USC § 2202; and under 42 USC § 1988, to secure reasonable attorney fees as part of the case.

10. The venue in this action is proper within this judicial district pursuant to 28 USC § 1391(b), in that (i) Defendant is situated within this judicial district, (ii) Plaintiff resides within this district, and (iii) all of the claims asserted by Plaintiff arose within this district.

## Factual Allegations

### *The Church*

11. The Church is chartered under the Michigan District Lutheran Church Missouri Synod.

12. The Church is a religious body formed for the promotion of the message of the Christian gospel, instruction and righteous conduct, and fellowship of its members.

13. In accordance with its religious beliefs, the Church regularly assembles on Sunday mornings to worship publicly Almighty God.

14. The Church conducts its religious services and activities in furtherance of its religious mission and responsibilities as a church.

15. Twelve to Eighteen persons regularly attend Hope Lutheran Church's Sunday morning services.

16. The Church enjoys tax-exempt status under the Michigan District Lutheran Church Missouri Synod's 501 ( c) (3) exemption.

17. During the week, the Church uses the Property primarily for its non-profit coffee shop ministry under the d/b/a Harbor Hope Coffee.

### *The Property and Its Acquisition*

18. On or about February 8, 2018, the Church acquired the Property located at 132 South State Street in St. Ignace, MI.

19. The property was previously used as a laundry mat.

20. Before acquiring the Property, Hope Lutheran had been meeting at the Quality Inn in St. Ignace and spent several years looking in St. Ignace for a property of its own to acquire and use for its assembly and ministry.

21. The rented space at the Quality Inn was inadequate and hindered the Church's religious exercise in a number of ways including but not limited to the following:

   a. Inability to gather together for Bible Study and meetings without incurring additional rental expenses;

   b. Burden of having to pack up and transport church appointments, hymnals, etc. after every service;

   c. Difficulty of providing outreach services to the community from a temporary facility;

   d. Burden of not owning a church building visible to the community.

22. In August 2017, the Church started to operate its not-for-profit coffee shop ministry at the Property.

### St. Ignace's Land Use Regulations and Prohibition of the Church's Use of Land

23. On or about June 14, 2018, the Church applied for but was denied a property tax exemption.

24. In the City's undated denial letter to the Church Chairman, Gary Binder, the City's Zoning Administrator informed the Church that the Property "is not zoned for a church" and that "[a]s stated in Sec. 38-252 of the City of St. Ignace code of ordinances, the permitted uses for property in the General Business District does not include churches." (Zoning Administrator Letter attached as Exhibit A.)

4

25. Section 38-251 of the City of St. Ignace code of ordinances (the "Code") states that "[t]he general business district (GBD) is designed to provide for the general retail stores and service establishments of the community. The general business district regulations are designed to promote convenient shopping for motorists as well as pedestrians, with off-street parking being provided by each business." (Relevant Excerpts of the Code attached as Exhibit B.)

26. Sec. 38-252 provides that "[a]ny use permitted in the central business district (CBD)" is a permitted use in the GBD. *Id.*

27. Sec. 38-232, which governs the uses allowed in the CBD, identifies the following uses as "permitted uses":

      a. Theaters

      b. Assembly halls when completely enclosed.

      c. Municipal buildings (i.e. a townhall)

      d. Hotel or motel

*Id.*

28. A church or religious assembly is not identified as a permitted use in either the CBD or GBD. *Id.*

29. Upon information and belief, there are nonreligious assembly uses and not-for-profit uses operating in both the CBD and GBD in the City.

30. The Zoning Administrator's letter also informed the Church that it would be violating the City's code of ordinances if it met at the Property and that the Church could request a change of use and use variance from the City's Zoning Board of Appeals. Exhibit A.

31. Following the Zoning Administrator's direction, on or about June 14, 2018, the Church submitted a "Zoning Permit Application" (attached as Exhibit C) requesting approval of its use of the Property as a Church.

32. On or about June 14, 2018, City Manager Mr. Michael Stelmaszek denied the Church's application.

33. Thereafter, the Church and City set up a Zoning Board of Appeals meeting to hear the Church's request for a use variance.

34. The Zoning Board of Appeals meeting was held on July 12, 2018. Exhibit D, Handwritten Minutes taken by City of St. Ignace official Ms. Angela Litzner.

35. After a public hearing, the Zoning Board voted unanimously to deny the Church's Zoning Permit application and variance request. Board Member Ken Hardy made the motion to deny the application, which Board Member Kayla Pelter seconded. *Id.*

36. One Zoning Board member, Ms. Betsy Dayrell-Hart, voted against the Church's application based on her concern that the Church would have a negative effect on businesses with liquor licenses located within 500 feet of the Property and her concern about parking. *Id.*

37. Ms. Paula MacNamara said she did not want a church in the down town area on a main street. *Id.*

38. Others spoke against the Church's zoning application because they opposed the loss of property tax revenue and that it would set a bad precedent to allow the Church to operate in the district. *Id.*

39. Mr. Jon Arnold said that there were other non-profit organizations already operating on the main street in St. Ignace's business district. *Id.*

40. Another Zoning Board member voted against the Church's application based on his concern that the Property would become exempt from property taxes if it were owned and operated by a church. *Id*.

41. Mr. Andy Eskelinen, who spoke in support of the Church's application, informed the Zoning Board of Appeals of the history of the Church, its mission, and that the Church had been renting the conference room at the Quality Inn for years. *Id*.

### *The City's Discriminatory and Unequal Treatment of Religious Assemblies*

42. The City regulates the use of land in its geographical jurisdiction pursuant to its Code.

43. In the General Business District where the Church's property is located and where it desires to assemble for worship and other religious activities, the City grants, as of right, permission to numerous non-religious assembly uses but not churches. These permitted uses include: assembly halls, theaters, municipal buildings (e.g. a town hall), and hotels.

44. The City knowingly discriminated against the Church by denying the Church zoning approval for its religious assembly use of the Property, or alternatively, the City acted in reckless disregard of the Church's rights.

### COUNT I
*Violation of the Rights to Freedom of Speech and Assembly as Guaranteed by the First Amendment to the United States Constitution (42 USC § 1983)*

45. Plaintiff, Hope Lutheran Church, incorporates by reference the allegations in paragraphs 1 through 44.

46. All acts alleged above of the City, its officers, agents, servants, employees, or persons acting at its behest or direction, worked on and are continuing to be done under the color of state law. These acts include the enactment, implementation and enforcement of the Code, as well as any additional ordinances, regulations, policies and usages of the City.

47. The City's Code, on its face and as applied as described above, treats religious assemblies worse than non-religious assemblies.

48. The Code distinguishes religious uses from other uses by means of analysis of the content of the speech of those who would use the property for assembling and assigns discriminatory burdens to those users whose speech is religious.

49. The City's discriminatory treatment of religious land uses as described above constitutes a content-based restriction on speech.

50. The content-based restrictions of the Code are not supported by a compelling governmental interested and are not narrowly tailored to accomplish the compelling governmental interest.

51. The Code's regulation of religious assembly uses as described above is not a legitimate time, place, or manner regulation, as it does not serve a significant government interest, and does not leave open ample alternative channels for communication.

52. The Code imposes discriminatory burdens on those who seek to assemble for religious exercise and speech that violates the Church's right to assemble and associate for the purpose of engaging in activities protected by the First Amendment.

53. By discriminating against churches and religious land uses, the City's actions as described above have violated and continue to violate the Church's right to the freedom of speech under the First Amendment.

54. As a direct result of the City's violation of the Church's First Amendment rights to the freedom of speech and assembly as described above, the Church is suffering irreparable harm for which there is no adequate remedy at law.

55. As a direct result of the City's violation of the Church's First Amendment rights to the freedom of speech and assembly, as described above, the Church has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

## COUNT II
*Violation of the Right to Free Exercise of Religion Guaranteed by the First Amendment to the United States Constitution (42 USC § 1983)*

56. Plaintiff, Hope Lutheran Church, incorporates by reference the allegations in paragraphs 1 through 55.

57. The terms of the Code, both on their face and as applied by the City, substantially burden Hope Lutheran Church's free exercise of religion. The Code, both on its face and as applied by the City, is not neutral, not generally applicable, and is also a system of individualized assessments.

58. As the text and application by the City of the Code as described above imposes discriminatory burdens on the Church and religious assemblies in general, while permitting non-religious assemblies to be free of such burdens, the City has unjustifiably violated the Church's right to the free exercise of religion.

59. As a direct result of the City's violations of the Church's right to the free exercise of religion, as described above, the Church is suffering irreparable harm for which there is no adequate remedy at law.

60. As a direct result of the City's violation of the Church's First Amendment right to the free exercise of religion, as described above, the Church has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

## COUNT III
*Violation of the Right to Equal Protection under the law Guaranteed by the Fourteenth Amendment to the United States Constitution (42 USC § 1983)*

61. Plaintiff, Hope Lutheran Church, incorporates by reference the allegations in paragraphs 1 through 60.

62. Because the Zoning Ordinance, on its face and as applied as described above, discriminates against certain types of land uses based solely on the religious content of the speech, violates the Free Exercise rights of the Church and discriminates based on the suspect class of religion, it violates the Church's right to the Equal Protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

63. As a direct result of the City's violation of the Church's Fourteenth Amendment rights as described above, the Church has been denied the equal protection of the law. The Church is suffering irreparable harm for which there is no adequate remedy of law.

64. As a direct result of the City's violation of the Church's Fourteenth Amendment rights to equal protection of the law, as alleged hereinabove, the Church has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

**COUNT IV**
*Violation of the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc(a)*

65. Plaintiff, Hope Lutheran Church, incorporates by reference the allegations in paragraphs 1 through 64.

66. The Code is a land use regulation or system of land use regulations under which the City makes, or has in place, formal or informal procedures or practices that permit it to make individualized assessments of the proposed uses for property in its jurisdiction.

67. The City's implementation of the land use regulations contained in the Code as alleged above imposes a substantial burden on the religious exercise of the Church.

68. The City's implementation of the land use regulations contained in the Code affects interstate commerce.

69. The substantial burden imposed on Hope Lutheran Church's religious exercise is not in furtherance of a compelling governmental interest and is not the least restrictive means of furthering any compelling governmental interest.

70. Accordingly, the City has violated the Church's rights recognized under federal laws contained in 42 USC § 2000cc(a).

71. As a direct result of the City's violation of the Church's rights 42 USC § 2000cc(a) of RLUIPA, as alleged above, Hope Lutheran Church is suffering irreparable harm for which there is no adequate remedy at law.

72. Furthermore, as a direct result of the City's violation of the Church's rights under 42 USC § 2000cc(a) of RLUIPA as alleged above, Hope Lutheran Church has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

**COUNT V**
*Violation of the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc(b)*

73. Plaintiff, Hope Lutheran Church, incorporates by reference the allegations in paragraphs 1 through 72.

74. The Church desires and intends to engage in religious assembly on its Property and has purchased the Property for that purpose.

75. The Code, on its face and as applied by the City, treats religious assemblies or institutions, including the Church, on less than equal terms with non-religious assemblies or institutions.

76. The Zoning Ordinance, on its face and as applied by the City, discriminates against assemblies or institutions, including the Church, on the basis of religion.

77. The Zoning Ordinance, on its face and as applied by the City, has unreasonably limited religious assemblies within its jurisdiction including Hope Lutheran Church.

78. Accordingly, the City has violated the Church's rights recognized under federal law as contained in 42 USC § 2000cc(b)(1) (equal terms) and (b)(3) (exclusions and limits) of RLUIPA.

79. As a direct result of the City's violation of the Church's rights under 42 USC § 2000cc(b) of RLUIPA, as alleged above, the Church is suffering irreparable harm for which there is no adequate remedy at law.

80. Furthermore, as a direct result of the City's violation of the Church's rights under 42 USC § 2000cc(b) of RLUIPA, as alleged above, the Church has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

**COUNT VII**
*Defendants' Violations of Hope Lutheran Church's Rights
under the Michigan Constitution*

81. Plaintiff, Hope Lutheran Church, incorporates by reference the allegations in paragraphs 1 through 80.

82. The City has deprived the Church of rights secured by the Michigan Constitution: Art I, section 4, *Free Exercise Clause*; Const 1963, Art I, section 5; *Free Speech Clause*, Const 1963 Art I, section 3, *Freedom of Assembly*, Const 1963, Art I, section 2, the *Equal Protection Clause*, Const. 1963, as described above and in one or more of the following particulars:

   a. That the City has wrongfully prohibited a lawful, protected and legitimate use of the Church's property, without any record showing that such prohibition has any real, material and substantial relationship to the public health, safety, morals or the general welfare of the community;

   b. That City's actions, under color of law, wrongfully and immediately harms the Church as a direct result of the constitutional violations; and/or

   c. That the City has wrongfully developed, administered, and operated its ordinances by wrongfully implying an unconstitutional process of inquiry into the religious character and activities of Hope Lutheran Church's use, all by actions under color of state law; and/or

   d. That City has acted contrary to the law, including, but not limited to, the concepts set

12

forth in the Michigan Constitution, by wrongfully and substantially burdening the Church's exercise of religion, without any record of material fact by the City of a compelling governmental interest in any record showing that the City's actions are the least restrictive means of furthering a defined and otherwise compelling statement of interest;

e.  That all of the acts of the City, its officers, agents, servants, employees or persons acting at their behest or direction, were done and continue to be done under the color and pretense of state law, including ordinances, regulations, customs, policies and usages of the City;

f.  That the Church has no adequate or speedy remedy at law to correct or redress the deprivations of its federal and state rights by the City;

g.  That unless and until the enforcement of the City's decisions are enjoined, Hope Lutheran Church will suffer, and continues to suffer, irreparable and immediate injury to its federal and state rights as otherwise guaranteed under the constitutions, including the fear of enforcement and prosecution;

h.  That City has no compelling or overriding interest in regulating the content of otherwise lawful, private speech and exercise of religion;

**Relief Requested**

WHEREFORE, Hope Lutheran Church prays for a judgment against the City and that

this Honorable Court:

a.  Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

b.  Pursuant to 28 USC § 2201, declare the aforementioned provisions of the Code, and to the extent such provisions are not severable, the entire Code, to be in violation of the First and Fourteenth Amendments to the United States Constitution, RLUIPA, and the above mentioned provisions of the Michigan Constitution and further declare that Hope Lutheran Church is permitted as of right to use its Property as a church immediately;

c.  Pursuant to 28 USC § 2202, Fed. R. Civ. Pro. 64, 42 USC § 1983 and 42 USC § 2000cc-4 preliminarily and permanently enjoin the City from enforcing Zoning Ordinance Sections 38-232 and 38-252 to prevent Hope Lutheran Church from using its Property as a church and to process and issue all building, occupancy and business permits and grant all other rights and privileges to Hope Lutheran Church to use the Property as a "church" or

13

permitted use under the Code.

d.  Pursuant to 28 USC § 2202, Fed. R. Civ. Pro. 65, 42 USC § 1983 and 42 USC § 1988 and 42 USC § 2000cc-2(a), award Hope Lutheran Church compensatory and nominal damages.

e.  Pursuant to 42 USC § 1988, 42 USC § 2000cc-2(d), Fed. R. Civ. Pro. 54(d) and other applicable law, award Hope Lutheran Church its reasonable attorney fees, costs; and

f.  Grant such other and further relief as the Court deems equitable, just and proper.

Respectfully Submitted,

**DALTON & TOMICH, PLC**

By:  /s/ Noel W. Sterett_____

Noel W. Sterett
Dalton Tomich, PLC
504 N. State St.
Belvidere, IL 61008
Tel. (815) 986-8050
nsterett@daltontomich.com

Daniel P. Dalton (P 44056)
Larry Opalewski (P 77864)
Dalton Tomich, PLC
Attorneys for Plaintiff
719 Griswold Suite 270
Detroit, MI 48226
Tel. (313) 859-6000
Fax (313) 859-8888
ddalton@daltontomich.com
lopalewski@daltontomich.com

Dated:  September 14, 2018

14

## Verification

Pursuant to 28 USC § 1746, I, Reverend Arthur Bode, declare under penalty of perjury that I have personal knowledge of matters contained in this Complaint and that the allegations contained set forth in paragraphs 4-6, 11-24, 31-34, 74 therein are true and accurate.

Executed this 12th day of September, 2018.

Hope Lutheran Church

By: Rev. Arthur Bode
Its: Pastor

### Demand for Trial by Jury

The Plaintiffs herein demand a trial by jury in this cause of action.

Respectfully Submitted,

**DALTON & TOMICH, PLC**

By: /s/ Daniel P. Dalton
    Daniel P. Dalton (P 44056)
    Larry Opalewski (P _____ )
    Dalton Tomich, PLC
    Attorneys for Plaintiff
    719 Griswold Suite 270
    Detroit, MI 48226
    Tel. (313) 859-6000
    Fax (313) 859-8888
    ddalton@daltontomich.com
    kbrink@daltontomich.com

    Noel W. Sterett
    Dalton Tomich, PLC
    504 N. State St.
    Belvidere, IL 61008
    Tel. (815) 986-8050
    nsterett@daltontomich.com